Soates, Justice, delivered the opinion of the court: (1) Covenant upon a lease, by the administrators against the plaintiff in error. They count upon a demise of a certain tract of land, with a distillery and other buildings, to Wells, for two years and six months, made by the intestate, for the sum of $900, to be paid as follows: $200 to be expended by Wells on the distillery and other buildings, within two or three months, as he might think best calculated to improve the property; $100 on the 1st of April, 1835 ; $>00 on the 1st of October of the same year ; $200 on the 1st of April, and $200 on the 1st of October, 1836. They aver that he entered and was in possession from the day of the demise, to wit, the 3d day of April, 1834, until the termination of nine months, when, by the terms of said demise, there became due to plaintiff’s intestate the sum of $100, and so continued to possess the said demised premises. And there became due to the plaintiffs’ intestate, the further sum of $100, on the 1st of [* 87] April, 1835; $200 on the 1st of October, 1835; $200 on the 1st of April, 1836; and $200 on the 1st of October, 1836, and they aver breaches of nonpayment. Wells pleaded covenants performed from the making of the said indenture until the 4th day of October, 1834. Issue was joined on this plea. For a second plea, he says, that after making the indenture, to wit, on the 30th of September, 1834, one David Thorp, having a prior and better title to the premises, made complaint, according to law, before J. L. Barnsback and James Reynolds, two justices of the peace, having jurisdiction of such matter, against him ; and that afterwards such proceedings were had, that on the 4th day of October, 1834, he was convicted, before them, of a forcible entry and detainer, by the verdict of a jury; and the said justices gave judgment of restitution, and awarded a writ by which lie was ejected and amoved from the premises, and he has been kept out of possession. For third plea, Wells says, that after making the said demise, and before any rent became due, to wit, on the 30th of September, 1834, one David Thorp, then having right of entry into the said several parcels of land, etc., by title which accrued to the said Thorp before the demise, upon the possession of the said Wells did enter, and him, from his possession thei-eof did expel and amove; and him so expelled and amoved from his said possession, by virtue of his title aforesaid, held and yet holds out. The fourth is a plea of payment of $200, in full of the first • nine months rent, to the intestate in his life time. Issue joined. The fifth plea, as to the residue of the said declaration, avers that at the timé of making the said indenture, the plaintiffs’ intestate was seized in his demesne as of freehold at will in the said premises, and that before the second payment of rent became due, and before the expiration of the said term, viz. on the 4th of October, 1834, there were such proceedings had before J. L. Barns-back and James Reynolds, two justices of the peace in Madison county, they then and there having jurisdiction of the said matter and complaint of David Thorp, that the said Wells was convicted by the judgment of the said justices’ court, of a forcible entry and detainer, and was then and there, by virtue of said judgment, put out of the possession of the said premises, and that the said indenture, and the tenure thereby created, wholly ceased, and was determined; and the said Thorp entered into and upon the said demised premises, and kept and continued the said Wells ejected, expelled, put out, and amoved from thence hitherto. There was a separate general demurrer to the second, third, and fifth pleas, which was sustained. These proceedings took place in the municipal court of the city of Alton; and the cause was continued until the April term, 1839. At the April term of the Madison circuit court, 1841, the issues were tried, and a verdict rendered for the plain- [* 88] tiffs for $920.35, and'judgment was entered for $920.55. The defendant Wells moved in arrest of the judgment, which was overruled. The plaintiff assigns thirteen errors, which I will not enumerate. They embrace the several decisions and proceedings in the cause. The first point I will notice is, that the cause of action is discontinued : first, because there were no steps taken-, or continuances entered from the April term, 1839, of the municipal court, until the April term, 1841, of the Madison circuit court, nor does the record show in what manner the cause came into the latter court; and secondly, that the plaintiffs discontinued, by taking issue upon the fourth plea, which purports to answer the whole declaration in the introductory part of it, but which only answers as to $200 of the rent. As to the first position, if the defendant intended to rely upon the omission to progress with the cause, pr failure to have continuances entered, he should have objected in the court below, to the plaintiffs proceeding further, and stood by his objection. But by going to trial upon the issues, he has waived the objection. As to the second position, that the record does not show in what manner the Madison circuit court acquired jurisdiction in this cause, it is to be remarked, that by the act of the 2nd of March, 1839, (Laws 1839, §§ 6, 7, 9,) upon a contingency therein provided for, to-wit, the majority of the legal voters of the said city of Alton voting for it, the municipal court was to be abolished, and the causes pending in, and the records of, that court, to be transferred to the Madison circuit court. Every presumption is to be made in favor of the jurisdiction of a court of general jurisdiction. We find this cause in the Madison circuit court, after the passage of this law. The defendant appeared there, and submitted his issues to a jury in that court. We are therefore to presume that the contingency happened, and that the cause was legally transferred to the Madison circuit court. If the fact was otherwise, the defendant should have interposed his plea in that court to its jurisdiction, and thus have brought up the question of jurisdiction. He cannot now avail himself of such objection. Again it is objected that the plaintiffs discontinued by replying to the first and fourth pleas, without asking judgment by default for so much as was not answered in those pleas. This objection cannot arise, because there were other pleas which answered the whole declaration, and which would prevent a default. The plaintiffs, under such circumstances, could either demur, and compel the defendant to amend, or take issue [* 88] upon the defective pleas. He did the latter, and has therefore waived the advantage of a demurrer. The remaining .questions arise upon the demurrer to the second, third,' and fifth pleas. The second and fifth present the same question. Nothing will be presumed in favor of the jurisdiction of an inferior court of limited jurisdiction. It is not sufficient, therefore, to aver generally that it had jurisdiction, where the gist of the action or defence depends upon its proceedings. The pleader must aver and set forth such facts as will show upon the record that it had jurisdiction. 8 Cowen 814. The two pleas aver that the proceedings were had upon complaint made according to law. These pleas are therefore bad, in not setting forth such facts as will enable the court to determine whether the two justices of the peace has jurisdiction of the complaint made before them. It is too general to aver that complaint was made according to law. The pleader should set forth and show, in substance, the facts of the complaint made, and that it was made under oath, so that the court may judge whether it was made according to law or not. But it is insisted that the declaration is insufficient, because the plaintiffs sue as administrators, and should therefore show the title of the intestate. It is true, Mr. Justice Story lays down such a rule (Story’s Plead. 210-11) in cases of covenant, on a lease, brought by an executor, an heir, or assignee of the reversion, in order that it may appear that the estate was such as might be legally vested in the plaintiffs ; for although the defendant will be estopped to deny that the lessor had some title, yet he may show that the title was determined with his death. For this doctrine he cites 7 T. R. 538. Now the case cited does not bear out the position. Parker et al., assignees of Steel, a bankrupt, brought covenant against Manning, who pleaded that at the time of making the indenture, Steel was a bankrupt, and at and before that time, two others were seized in fee, and still were, and that Steel had no title, etc. Demurrer, which was sustained. This was the question and decision in the case. But Marryal, in argument, said, that the plaintiffs should have set out a title, and that it was a well known distinction in the instance of executors suing for rent; if they claim rent due in the testator’s life time, they need not set out any title ; but if they sue for rent accruing due after his death, they must; and for this referred to Noke v. Awder, Oro. Eliz. 373, 436. I have not been able to see that report. But in the case of Palmer v. Ekins, 2 Ld. Raymond 1553, in noticing that case, the court says, that it appeared upon the face of the declaration, that the lessor had no title at the time of making the lease; and the court further said that in truth the case was adjudged for the defendant, because no breach appeared in the declaration. Here a breach is assigned in the nonpayment of the rent due in the life time of the intestate, which [*90] would distinguish it from the cases where it would be required to set out a title, as there laid down. The plaintiff's do not aver that the defendant enjoyed the whole term; but they aver the nonpayment of the several sums at the several times mentioned in the lease, either to their intestate, or to the plaintiffs. From this averment alone is it to be inferred that the rent became due in the life time of the intestate ? If so, even according to the above rule, as laid down in Coke, they would not be required to deduce title, though Story lays it down otherwise. I think the. declaration, therefore, substantially good. The third plea is well pleaded according to the form laid down in Story’s Plead. 231; and for its sufficiency, see 4 T. R. 621, per Grose, justice; 1 Mod. 294, Swisden, Justice; 1 Ibid. 101, Lord Hale; and also 8 T. R. 279. It seems to be sufficient to aver that another having prior title entered and evicted by right of entry. The defendant cannot know the party’s title, and it would be unreasonable to require him to set forth and show it. The objection taken to the lease is that there is no covenant for possession or quiet enjoyment. The declaration does not make profert; and there is no oyer, so that the court cannot look into the leg,se. But the declaration avers that the intestaté demised. This term was held to import an estate in the lessors, in Hill v. Saunders, 10 Eng. Dom. Law R. 402. The plaintiff declared in his declaration that he and his wife demised to the defendant, and that the defendant covenanted to pay rent unto him and his wife. The defendant pleaded that the plaintiff was seized in right of his wife; that she afterwards died, and that her heir entered and ejected him, and so the plaintiff’s estate ceased. The plea was held good, on demurrer, for that the demise imported an estate in the wife, as well as in the husband. If it imports a legal interest in .the lessor, it should at least convey some estate to the lessee, and from which if he be ejected by right of adverse title and entry of an adverse title, he will be discharged from the rent, as was held in the case last cited; and see 8 Cowen 36 ; Hobart 12; 1 Saund. 322 a, note 2; where it is hold that the word demise is a covenant in law for quiet enjoyment. For although a lessee cannot deny his lessor’s title, but is estopped by his deed (2 Ld. Raymond 1550; 5 Eng. Com. Law R. 178), yet he may show that he had but a limited interest which has determined, as was done in Hill v. Saunders, before cited; and the fifth plea would have been sufficient had the facts as to jurisdiction been properly pleaded. I think the third plea therefore good, and the demurrer to it should have been overruled. The judgment is reversed with costs, and the cause remanded for further proceedings. Judgment reversed. Wilson, Chief Justice, and Lockwood, Justice, did not hear the argument in this cause, and gave no opinion.